## IN THE MATTER OF QUINTON T. HUDSON.
### (SUPREME COURT DISCIPLINARY No. 739)
(399 SE2d 71)

PER CURIAM.

This appeal is from a default finding by the Review Panel entered against the respondent, Quinton T. Hudson. After hearing arguments, on appeal, we approve the recommendation of the Review Panel, to wit: that the respondent, Mr. Hudson, be suspended from the practice of law for twelve months, to be reduced to a six-month suspension provided he supplies evidence that the settlement funds in dispute were at all times in his escrow account.

*Facts*

1. In February 1988, informal screening was begun by sending a copy of the complaint to the respondent and requesting a response. No acknowledgment or response was received.

2. On April 15, 1988, the complaint was forwarded to the Investigative Panel of the State Disciplinary Board for a formal investigation.

3. On May 25, 1988, the respondent was personally served with notice of this action and notified that he had 30 days to file a sworn response. Once again he failed to answer.

4. On July 15, 1988, the investigative panel found probable cause that the respondent had violated Standards 61, 63, 65, and 68 of State Bar Rule 102.

5. On July 27, 1989, the State Bar filed a formal complaint.

6. On August 22, 1989, this Court appointed a Special Master.

7. On October 7, 1989, the respondent acknowledged service of the complaint.

8. On November 30, 1989, the State Bar filed a Motion for Findings of Fact and Conclusions of Law by Default. The respondent again failed to file any pleadings or response and did not request a hearing on the motion.

9. On April 11, 1990, the Special Master entered an order granting the Bar's Motion for Default, and forwarding the case to the Review Panel for determination of discipline. The Review Panel ap-

proved the findings of the Special Master and recommended the discipline noted above.

This Court finds no justification for the respondent's failure to answer. Therefore, we approve the Special Master's order granting the Bar's Motion for a Default Judgment, and approve the Review Panel's recommendation set out in paragraph one of this opinion.

*All the Justices concur.*

ORDER OF COURT.

On November 8, 1990, this Court published an opinion which suspended Quinton T. Hudson from the practice of law. The opinion provided in part that Mr. Hudson "be suspended from the practice of law for twelve months, to be reduced to a six-month suspension provided he supplies evidence that the settlement funds in dispute were at all times in his escrow account."

Proof has been filed with this Court that Respondent has furnished the necessary records to satisfy the requirement that the settlement funds at issue were at all times retained in his escrow account.

It is therefore directed that, in keeping with the November 8, 1990 finding of this Court, Respondent Hudson's suspension from the practice of law for twelve months be reduced to six months.

DECIDED NOVEMBER 8, 1990.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Gwenda L. Cannon, W. Bruce Maloy*, for Hudson.